## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| 1.  OPTIONS INCORPORATED d/b/a Options<br>    Inc., a not for profit corporation,<br><br>        Plaintiff,<br><br>v.<br><br>1.  NATIONAL UNION FIRE INSURANCE<br>    COMPANY OF PITTSBURGH, PA, a<br>    Foreign For Profit Insurance Corporation,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 17-CV-162-SPS<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### A.   Parties

1.      Plaintiff, Options Incorporated d/b/a Options, Inc., is an Oklahoma domestic not for profit corporation, incorporated and organized under the laws of the State of Oklahoma.

2.      The principal place of business for Plaintiff, Options Incorporated d/b/a Options, Inc., is Checotah, Oklahoma.

3.      Defendant, National Union Fire Insurance Company of Pittsburgh, PA, is a foreign for profit insurance corporation incorporated and organized under the laws of the State of Pennsylvania.

4.      The principal place of business for Defendant, National Union Fire Insurance Company of Pittsburgh, PA, is New York, New York.

5.    The Defendant, National Union Fire Insurance Company of Pittsburgh, PA, is licensed to conduct business in the State of Oklahoma and may be served with process through the Oklahoma Department of Insurance.

6.    This action is not related to any other case filed in this Court.

## B. Jurisdiction

7.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## C. Facts

8.    At all times material hereto, the Plaintiff, Options Incorporated d/b/a Options, Inc., owned commercial property located at 1129 White Stag Avenue in Checotah, Oklahoma.

9.    On or about July 14, 2016, Plaintiff's commercial property located at 1129 White Stag Avenue in Checotah, Oklahoma was damaged as a result of wind.

10.    At all times material hereto, the Plaintiff, Options Incorporated d/b/a Options, Inc., was insured under the terms and conditions of an insurance policy, policy number 29-LX-06799011-0, issued by the Defendant, National Union Fire Insurance Company of Pittsburgh, PA.

11.    At all times material hereto, Plaintiff, Options Incorporated d/b/a Options, Inc., complied with the terms and conditions of its insurance policy.

12.    Wind damage is a covered peril not otherwise limited or excluded pursuant to the terms and conditions of the policy issued by the Defendant.

### D. Count I Breach of Contract

13.    Plaintiff, Options Incorporated d/b/a Options, Inc., hereby asserts, alleges and incorporates paragraphs 1-12 herein.

14.    The property insurance policy No. 29-LX-06799011-0, issued by Defendant, National Union Fire Insurance Company of Pittsburgh, PA, was in effect on July 14, 2016.

15.    The acts and omissions of Defendant, National Union Fire Insurance Company of Pittsburgh, PA, in the investigation, evaluation and payment of Plaintiff's claim were unreasonable and constitute a breach of contract for which contractual and extra-contractual damages are hereby sought.   Defendant unreasonably breached its contract with the Plaintiff by failing to pay for covered damages to Plaintiff's property, including the wind damaged roofing surfaces of Plaintiff's building and temporary emergency repairs performed by Plaintiff following the loss.

16.    Defendant breached its contract with Plaintiff and acted unreasonably by failing to address and pay for the proper scope of repair to Plaintiff's gravel ballast roofing system and refusing to pay invoices submitted by Plaintiff for temporary emergency repairs. Defendant unreasonably took the position that these temporary

emergency repairs were not professional enough. Defendant unreasonably and in bad faith refused to issue payment for Plaintiff's invoices related to emergency and temporary repairs. In addition, Defendant unreasonably took the position that, despite the fact that Plaintiff's policy provides coverage for code upgrade, Defendant would only issue payment for code upgrade costs if said codes were being enforced by a local building inspector. This refusal to issue payment for code upgrade costs violates the terms and conditions of the Plaintiff's policy, as well as insurance industry standards.

### E. Count II Bad Faith

17.     Plaintiff, Options Incorporated d/b/a Options, Inc., hereby asserts, alleges and incorporates paragraphs 1-16 herein.

18.     The acts and omissions of the Defendant, National Union Fire Insurance Company of Pittsburgh, PA, in the investigation, evaluation and payment of Plaintiff's claim were unreasonable and constitute bad faith for which bad faith and extra-contractual damages are hereby sought. Defendant acted in bad faith by unreasonably failing to properly inspect, adjust, or otherwise issue adequate payment for covered damages to Plaintiff's commercial property. Defendant unreasonably breached its contract with Plaintiff by failing to pay for covered damages to Plaintiff's property, including the wind damaged roofing surfaces of Plaintiff's building.

19.     Defendant breached its contract with Plaintiff and acted unreasonably and in bad faith by failing to address and pay for the proper scope of repair to Plaintiff's gravel ballast roofing system and refusing to pay invoices submitted by Plaintiff for temporary emergency repairs. Defendant unreasonably took the position that these temporary emergency repairs were not professional enough. Defendant unreasonably and in bad faith refused to issue payment for Plaintiff's invoices related to emergency and temporary repairs. In addition, Defendant unreasonably took the position that, despite the fact that Plaintiff's policy provides coverage for code upgrade, Defendant would only issue payment for code upgrade costs if said codes were being enforced by a local building inspector. This refusal to issue payment for code upgrade costs violates the terms and conditions of the Plaintiff's policy, as well as insurance industry standards.

20.   The Defendant further acted unreasonably and in bad faith by forcing Plaintiff to file a lawsuit to recover policy benefits that are due and owing pursuant to the terms and conditions of Plaintiff's insurance policy.

### F. Count III Punitive Damages

21.     Plaintiff, Options Incorporated d/b/a Options, Inc., hereby asserts, alleges and incorporates paragraphs 1-20 herein.

22.   The unreasonable conduct of the Defendant, National Union Fire Insurance Company of Pittsburgh, PA, in the handling of Plaintiff's claim was intentional,

willful, wanton and was committed with a reckless disregard for the rights of the Plaintiff for which punitive damages are hereby sought.

## G. Demand for Jury Trial

23.     The Plaintiff, Options Incorporated d/b/a Options, Inc., hereby requests that the matters set forth herein be determined by a jury.

## H. Prayer

24.     Having properly pled, Plaintiff, Options Incorporated d/b/a Options, Inc., hereby seeks contractual, bad faith and punitive damages against the Defendant, National Union Fire Insurance Company of Pittsburgh, PA, all in an amount in excess of $75,000.00; including costs, interest and attorney fees.

Respectfully submitted,

S/ *Michael D. McGrew*
Michael D. McGrew, OBA# 013167
McGrew, McGrew & Associates, PC
400 N. Walker, Suite 115
Oklahoma City, Oklahoma 73102
(405) 235-9909 Telephone
(405) 235-9929 Facsimile
mcgrewslaw@yahoo.com
**ATTORNEYS FOR THE PLAINTIFF**